# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RONDELL WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:08-CV-1647 CAS |
| WILLIAM MILAM, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of Rondell Williams (registration no. 152396) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $9.92, and an average monthly account balance of $49.74. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $9.95, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiff, an inmate at the Potosi Correctional Center ("PCC"), seeks monetary relief in this 42 U.S.C. § 1983 action against defendants William Milam, Don Roper, Unknown Kitchell, Unknown Echoff, Unknown Montgomery, Unknown Hinkle, and Unknown Adams. Plaintiff alleges that

defendant Milam issued him a false conduct violation and that he was "seen by the Ad-Seg Committee on 12/07/2007, and [was] assigned to long[-]term Ad-Seg." Plaintiff does not describe in any further detail the conditions of his ad-seg confinement. Plaintiff claims that defendants violated his Due Process rights and that their actions constituted cruel and unusual punishment, for which he suffered "great mental and physical harm and stress."

**Discussion**

For the Due Process Clause to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest. *Cf. id.* at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208, 1997 WL 581079, at *2 (8th Cir. 1997) (Table) (same; four days locked in housing unit, thirty days in disciplinary segregation, and 290 days in administrative segregation); *Driscoll v. Youngman*, 124 F.3d 207, 1997 WL 581072, at *2 (8th Cir. 1997) (Table) (same; 135 days in disciplinary and administrative segregation); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; ten days disciplinary detention and 100 days in maximum-security cell). *But cf. Wilkinson v. Austin*, 545 U.S. 209 (2005) (in certain circumstances, inmate transferred to and held indefinitely in maximum security environment may enjoy certain due process protections). As a result, plaintiff's complaint is legally frivolous and fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk receive and file the complaint in this action without prepayment of the required filing fee. *See* 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $9.95 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot. [Doc. 4]

An appropriate order of dismissal shall accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  18th  day of December, 2008.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONDELL WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-1647 CAS |
| ) | |
| WILLIAM MILAM, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of Rondell Williams (registration no. 152396) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $9.92, and an average monthly account balance of $49.74. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $9.95, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiff, an inmate at the Potosi Correctional Center ("PCC"), seeks monetary relief in this 42 U.S.C. § 1983 action against defendants William Milam, Don Roper, Unknown Kitchell, Unknown Echoff, Unknown Montgomery, Unknown Hinkle, and Unknown Adams. Plaintiff alleges that

2

defendant Milam issued him a false conduct violation and that he was "seen by the Ad-Seg Committee on 12/07/2007, and [was] assigned to long[-]term Ad-Seg." Plaintiff does not describe in any further detail the conditions of his ad-seg confinement. Plaintiff claims that defendants violated his Due Process rights and that their actions constituted cruel and unusual punishment, for which he suffered "great mental and physical harm and stress."

## Discussion

For the Due Process Clause to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest. *Cf. id*. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208, 1997 WL 581079, at *2 (8th Cir. 1997) (Table) (same; four days locked in housing unit, thirty days in disciplinary segregation, and 290 days in administrative segregation); *Driscoll v. Youngman*, 124 F.3d 207, 1997 WL 581072, at *2 (8th Cir. 1997) (Table) (same; 135 days in disciplinary and administrative segregation); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; ten days disciplinary detention and 100 days in maximum-security cell). *But cf. Wilkinson v. Austin*, 545 U.S. 209 (2005) (in certain circumstances, inmate transferred to and held indefinitely in maximum security environment may enjoy certain due process protections). As a result, plaintiff's complaint is legally frivolous and fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk receive and file the complaint in this action without prepayment of the required filing fee. *See* 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $9.95 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot. [Doc. 4]

An appropriate order of dismissal shall accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __18th__ day of December, 2008.